1
2
3
4
5
6                          IN THE DISTRICT COURT OF GUAM
7
8    UNITED STATES OF AMERICA,                    CRIMINAL CASE NO. 18-00010-004
9                         Plaintiff,
             vs.
10                                                              **ORDER**
     PHILLIP T. KAPP,                          Denying Motion for Bill of Particulars
11                                                          (ECF No. 926)
                         Defendant.
12

13           Before the court is a Motion for Bill of Particulars Concerning Parts Fraud allegations

14   (Counts 8-13) and Brief in Support (the "Motion for Bill of Particulars"), filed by Defendant Phillip

15   T. Kapp. *See* Mot. Bill Particulars, ECF No. 926. Defendant Reed filed a joined to the motion. *See*

16   Joinder, ECF No. 943. Having considered the briefing and pertinent case law, the court finds the

17   motion to be suitable for disposition without oral argument.

18                                           **BACKGROUND**

19           On January 8, 2021, a Second Superseding Indictment (the "SSI")was filed, charging

20   Defendant Kapp and others with numerous offenses related to alleged violations of various statutes

21   and Federal Aviation Administration ("FAA") regulations. *See* SSI, ECF No. 862. Pertinent to the

22   instant motion are Counts 8 through 13 which charge Aircraft Parts Fraud, in violation of 18 U.S.C.

23   § 38 and its various subsections as noted in each count.[1]

24           According to the SSI, FAA regulations "address record-keeping requirements for the repair

25

26           [1] Counts 8 through 11 are brought against five individual defendants – Defendant Kapp and
27   co-defendants John D. Walker aka Jon Walker, Marvin R. Reed, Kenneth R. Crowe and Frank
     Litkei, Sr. (who has since passed away) – while Counts 11 and 12 are brought against the two
28   organizational defendants (Hansen Helicopters, Inc. and Spares, Inc.).

1   and overhaul of helicopter parts, and the use of approved an unapproved parts for those repairs and

2   overhauls[,]" and "[o]nly approved parts, produced in accordance with the [FAA r]eguations, may

3   be used in repairs and overhauls.  SSI at ¶¶17-18, ECF No. 862.  The SSI asserts that beginning as

4   early as 2007 and continuing to at least 2018, defendants Litkei and Spares allegedly manufactured

5   and shipped through interstate and foreign commerce counterfeit parts for use in helicopters owned

6   by defendants Walker, Reed, Crowe, Kapp and Hansen Helicopters.  *See* SSI at ¶¶88, 93, 98, 103,

7   106 and109.  Additionally, it is alleged that said defendants, "with intent to defraud, falsified and

8   concealed a material fact concerning aircraft parts, which parts were represented as approved aircraft

9   parts, when in fact, as the [d]efendants knew, such were not aircraft parts approved for service[.]"

10  *Id.* at ¶¶89, 94 and 99.  Counts 9 and 10 further assert that as a result of the failure of the alleged

11  counterfeit part to operate as represented, the part proximately caused a malfunction or failure that

12  resulted in serious bodily injury or caused death.  *Id.* at ¶¶96 and 101.

13          Defendant Kapp now brings the instant Motion for Bill of Particulars requesting that the

14  court require the United States to provide details relating to the allegations of aircraft parts fraud.

15                                    **LEGAL STANDARD**

16          A defendant "may move for a bill of particulars before or within 14 days after arraignment

17  or at a later time if the court permits."  Fed. R. Crim. P. 7(f).  The decision whether to grant a request

18  for a bill of particulars is directed to the trial court's discretion."  *United States v. Long*, 706 F.2d

19  1044, 1054 (9th Cir. 1983).  The Ninth Circuit has explained that a bill of particulars serves three

20  functions: (1) to inform a defendant of the nature of the charges against him to enable him to prepare

21  for trial; (2) to avoid or minimize the danger of surprise at the time of trial, and (3) to protect against

22  double jeopardy.  *Id.*

23          The test for granting of a bill of particulars is whether the indictment is so vague that a bill

24  of particulars is required.  *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).  "In

25  determining if a bill of particulars should be ordered . . . , a court should consider whether the

26  defendant has been advised adequately of the charges through the indictment and all other

27  disclosures made by the government.  Full discovery will obviate the need for a bill of particulars."

28  *Long,* 706 F.2d at 1054.

## ANALYSIS

Defendant Kapp contends that the SSI's allegations are vague and not pled with particularity, thus preventing him from adequately preparing a proper defense. Mot. Bill of Particulars at 6, ECF No. 926. Among other things, he complains that the SSI fails to provide the who, what, when and where details as to each fraudulent representation and specific details relating to how each of the alleged counterfeit parts failed or malfunctioned. Reply at 5-6, ECF No. 950.

The United States maintains that the allegations in the SSI are sufficiently detailed to apprise the defendants of the nature of the charges against them so that they can prepare for trial. Opp'n at 3, ECF No. 939. The United States also represents that it has provided the defendants with"substantial additional evidence in discovery" that provide further insight into the allegations against them. *Id.* at 4.

The Federal Rules of Criminal Procedure requires that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c). The court has carefully reviewed the 47 pages of the SSI in connection with this motion and notes that paragraphs 1 through 11 and 17 to 24 describe in some detail the alleged fraudulent scheme involving aircraft parts. Paragraphs 87 to 110 set forth the various relevant charges and provide additional details about the alleged scheme involving the "counterfeit parts." Reading the SSI as a whole and taking into consideration the voluminous discovery provided to the defendants, the court finds that a bill of particulars is unnecessary since the SSI adequately advises the defendants of the charges with sufficient information to allow them to prepare a defense, prevent surprise at trial and to protect against double jeopardy.

While it is understandable that the defendants want further specificity and details, the Ninth Circuit has stated that a defendant "is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (emphasis in original). A bill of particulars is not to be used as a discovery device, with a defendant interrogating the government as to the precise details of every alleged act – all the who, what, and where of every allegation. *See Giese*, 597 F.2d at 1181. "[A] bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the

1  government's investigation. Rather, it is intended to give the defendant only that minimum amount

2  of information necessary to permit the defendant to conduct his *own* investigation." *United States*

3  *v. Hsuan Bin Chen*, No. CR 09-110 SI, 2011 WL 332713, at *4 (N.D. Cal. Jan. 29, 2011)(internal

4  quotation marks and citation omitted) (emphasis in original).

5      Because the SSI is sufficiently detailed to provide the defendants with the theory of the

6  government's case and the United States has provided the defendants with full discovery, the court

7  exercises its discretion to deny the request for a bill of particulars.

8                                                          **CONCLUSION**

9      Based on the above discussion, the court denies Defendant Kapp's Motion for Bill of

10  Particulars.

11      IT IS SO ORDERED.



12                                                        /s/ **Frances M. Tydingco-Gatewood**
                                                              **Chief Judge**
13                                                        **Dated: Nov 23, 2021**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28